IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHARLES KNIGHT | § | |
| v. | § | CIVIL ACTION NO. 6:07cv70 |
| WARDEN FOXWORTH, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE ON PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF

The Plaintiff Charles Knight, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the cases be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Knight has filed four motions which in effect seek injunctive relief. Each of these motions states that prison officials are involved in a conspiracy to kill him, because they have placed an unknown inmate enemy or enemies near him. He says that these inmate enemies have followed him from unit to unit, that guards have other inmates chanting his name and his enemies' names, and that officers come look into his cell and then go tell his enemies what he is doing. These enemies have followed him from the Stiles Unit to the Darrington Unit, the Allred Unit, and now the Skyview Unit, but Knight does not indicate that he has ever been assaulted by other inmates. Knight's motions were denied on March 30, 2007.

On March 9 and April 6, 2007, Knight filed two more motions of this type, seeking a temporary restraining order and to be transferred to federal custody. He repeats his prior allegations that prison officials are moving an enemy behind him who wants to kill him, that this person has

followed him from unit to unit, and that guards have other inmates chanting his name. The Magistrate Judge issued a Report recommending that these motions be denied on April 23, 2007.

On May 9, 2007, Knight filed another motion for injunctive relief, which incorporates objections to the Magistrate Judge's Report. He says that since filing his previous motions, he has learned that the person or persons out to kill him are "gang related" and that they are following him because of previous lawsuits which he filed against the prison.

Knight also states that he has discovered that prison officials are allowing the gang members to monitor him through a computer which monitors his every movement in his cell, and also when he goes out to recreation. He says that this machine is operated by a battery and also winds up, and it works through the plumbing and the air ventilation system. Knight states that the computer monitors his reading, his writing, and his "very thoughts," He learned about this monitoring because he heard "voice sounds" from his air vent, since the monitoring person has "a print out screen" in his cell.

Based on this new evidence, Knight asks that the Court begin an investigation and have him placed in federal custody. He says that he can talk to the monitoring person through his thoughts, and is able to pick up replies, but cannot detect the person's whereabouts. He says that the persons monitoring him say that they are not going to kill him, but he doesn't believe it.

Knight's objections to the Magistrate Judge's Report, and his new motion for injunctive relief, are patently without merit. In <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), the Supreme Court held that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." The Court went on to say that a claim is legally frivolous under Section 1915(d) when it is based on "an indisputably meritless legal theory." <u>Neitzke</u>, 490 U.S. at 327. The Fifth Circuit has noted that a finding of factual frivolousness is appropriate where the facts alleged rise to the level of the irrational or wholly incredible. <u>Ancar v. Sara Plasma, Inc.</u>, 964 F.2d 465, 468 (5th Cir. 1992).

Here, it is apparent that Knight's claims of monitoring by unseen enemies via computer, through the plumbing and air vent in his cell, are irrational and wholly incredible.  *See* Williams v. Collins, slip op. no. 92-4921 (5th Cir., March 18, 1993) (unpublished) (affirming dismissal, as factually frivolous, of complaint that prison officials were pumping toxic gas into an inmate's cell).  *Accord,* Gordon v. Secretary of State of New Jersey, 460 F.Supp. 1026 (D.C.N.J. 1978) (prisoner denied the office of President of the United States because of his illegal incarceration in jail); Searight v. State of New Jersey, 412 F.Supp. 413 (D.C.N.J. 1976) (prisoner alleged that the defendants unlawfully injected him with a radium beam, so someone talks to him inside of his brain).  As the Fifth Circuit has aptly stated, "to recount the characteristics and history of this inmate's litigation is to foreshadow what we must do with it."  Vinson v. Texas Board of Corrections, 901 F.2d 474, 475 (5th Cir. 1990).

The Court has conducted a careful *de novo* review of the Plaintiff's motions for injunctive relief, the Report of the Magistrate Judge, and the Plaintiff's objections thereto, contained within his motion for injunctive relief dated May 9, 2007.  Upon such *de novo* review, the Court concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge (docket no. 24) is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Plaintiff's motion for transfer to federal custody (docket no. 17), motion for temporary restraining order (docket no. 23), and motion for injunctive relief (docket no. 26) are hereby DENIED.

**SIGNED this 11st day of May, 2007.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE